The next case this morning is 519-0456, People v. Teen. Arguing for the appellant, Antrell Teen, is Richard Whitney. Arguing for the appellate, People of the State of Illinois, is Sharon Shanahan. Each side will have 10 minutes for their argument. The appellant will also have 5 minutes for rebuttal. Please note only the clerk is permitted to record these proceedings. Uh, good morning. Since we still have a few more minutes left of the morning, good morning to both of you. And, uh, if you are ready, which I assume you are, since you're here on camera. Uh, Mr. Whitney, you may begin. Thank you, Your Honor. Good morning, Your Honors, and may it please the court, counsel. Richard Whitney, representing defendant appellant, Antrell Teen. Your Honors, Mr. Teen raises three issues in this appeal, all of which concern fundamental rights. The right to a speedy trial, the right to the effective assistance of counsel, and the right of a defendant to present all of his post-trial claims to the trial court with the effective assistance of counsel. With respect to the first two issues, I'd like to take just a moment to acknowledge the proverbial elephant in the room. This is one of those cases where, in all candor, I don't envy the court's position because we do have a defendant here who was found guilty of a very heinous offense. And I'm not here to argue that the evidence of guilt was insufficient or that the court below committed some type of error that should entitle him to a new trial. I am here to ask the court to reverse his conviction outright and dismiss the charges against him because his rights were specifically, of course, his right to a speedy trial. We all know that many people in the general public will perceive this as a defendant getting off on a technicality. And yet, the right in question here is not a technicality. It is of constitutional dimension. And this is where we must remind ourselves that it is sacrosanct and must be protected because it as well as the justly accused. It vindicates the vital legal principle that justice delayed is justice denied. Although the right here is statutory, our Speedy Trial Act gives effect to broader Sixth Amendment rights. And its integrity must be upheld even where that sometimes requires us to take the drastic step of dismissing a charge. In this case, the law here is clear and the record is clear enough. Mr. Tien's right to a speedy trial was denied both by the trial court and by the acts and omissions of his own counsel. He had a right to a speedy trial even where his appointed counsel protests that it would not leave him enough time to be fully prepared. Under the Bowman case and some of the other law that we to make, not counsel's. He made it, but it was not respected in the court below. He was kept in the dark by his attorney. He tried to assert his speedy trial right and object to continuances on March 31st, 2015, but the court refused to file his letter. And his first opportunity to object to these continuances in court occurred on April 28, 2015, after the speedy trial period had already elapsed. He was tried on his 193rd day in custody. Now, Mr. Tien makes two related claims providing alternative grounds for relief. His counsel was ineffective in concealing and affirmatively misleading him about his speedy trial status and refusing to honor his request to choose a speedy trial, including honoring his request to be brought for status conferences so that he could assert his right to speak to a speedy trial. This plainly fell below an objective standard of reasonableness, and I hope we don't have to argue about whether it's reasonable to lie to your own client. And as explained in the Mooney case, in this situation, prejudice must be presumed because of the catch-22 that's created when counsel is the cause of someone losing their speedy trial rights. And finally, with respect to the third issue that we raise, the trial court erred when it conducted a preliminary crankle inquiry regarding Mr. Tien's claims of ineffective assistance of counsel, found potential merit to two of his claims, appointed new post-trial counsel to assist him, but then turned around and prevented post-trial counsel from performing his ethical duty of zealous representation by barring him from developing and presenting any other post-trial claims. The trial court had no legal authority to so restrict counsel and thereby bar the defense from presenting all of his post-trial claims of error. Now, your honors, with respect to issue one, I realize that this is very complex. We're dealing with a lot of numbers here, and if you subtract this period, was the speedy trial act violated, or if you add this number this many days back in, is it violated, etc. But I think the key to understanding this and the key to resolving this question is to look at the point that the state raises in its brief where it says, well, in one of Mr. Tien's post-trial memorandums, he conceded that the delay attributable to the that that was proper. Now, reading that in context, we do not concede that that was proper, that he was not actually conceding that. He was simply expressing his understanding of what the court already said. But even if we subtract that time out, even if we, for the sake of argument, say that the period between February 8th, 2016 to March 30th, 2016 was properly attributable to the defense, we're not conceding, but assume that for the moment. If we look at what the court did on April 28th, 2016 and May 2nd, 2016, we see that there again, it committed an error that denied Mr. Tien's speedy trial rights. At the hearing that was held on April 28th, 2016, this was when Mr. Tien finally was able to get to court and say, hey, I've been objecting all along. I don't agree to any of these continuances that my counsel agreed to. I wanted a speedy trial and I've been asking for it for day one. The court at that time agreed when his trial counsel, Mr. Peebles, said, well, I'm not going to be ready by May 23rd and I'm on June 6th because I have a planned vacation. The court said, sorry, you can't, we're not accepting that. You have to be ready for trial because it's Mr. Tien's right and he just asserted it. That was the right call. That was the call that was consistent with the Bowman case and with the Griffin case that we cited as additional authority. And thank you for allowing us to file that. But what happened is that four days later, just four days later on May 2nd, 2016, the trial court enters another case management order stating, well, the defense needs additional time and the state can't try the case on May 23rd. And the defense counsel was unavailable on June 6th, apparently going back to counsel's representation that he was going to be out of the country then. And so it attributed much of that delay to the defense. That was illegitimate. This reversed the decision made just four days earlier when it made the right call. It inexplicably changed its mind and attributed more of that time back to the defense. And your honors, there is no vacation planned exception to the Speedy Trial Act. This comes with the territory when you do defense work. You're not allowed. It's the defendant's right. It's not counsel's right. So if we realize that the court made an error when it's changed its mind four days after April 28th and you add that time back in, then we come up with a conclusion that the time attributable to the state in this case was 141 days. There was still a Speedy Trial Act violation. Even conceding the point that we don't actually concede about the earlier period, that entire time when Mr. Tien was pleading with his attorney, please bring me to status I want to object. And when his attorney was lying to him and telling him we're on target for the Speedy Trial time, no worries. And it was affirmatively misleading him, which goes to the second issue. So if you look at all of this, the Speedy Trial violation itself, the fact that you had an attorney, a trial attorney that was misleading him, contributing to the denial of and then you add to what happened in the post-trial proceedings, where attorney was not even able to argue this, we find error on all three counts and we would respectfully ask this court to reverse and vacate Mr. Tien's conviction. If there's no questions, I'll save any further remarks for rebuttal. This is Welch. This is Vaughn. No questions. I have a question. Supreme Court case People v. Kaczmarek, if we find that case is controlling, wasn't the defendant required to, when he said I'm not happy with my attorney's continuances, wasn't he required to ask to discharge the attorney? Well, I believe the court held that that is one of the ways in which you have to, you know, one of the ways in which you can assert your Speedy Trial right is to ask to discharge the attorney. But the fact is you're bound by your attorney's continuances. Well, not if you affirmatively object to them and bring it to the court's attention. I think that that's the point here is that Mr. Tien did not have a realistic opportunity to discharge his attorney because by the time he found out that his attorney had been lying to him and was misleading him, the Speedy Trial period had already elapsed. So I think we have a major distinction on the facts between this and the Kaczmarek case. Thank you. Thank you. All right, Mr. Whitney, you'll have time in rebuttal. Ms. Shanahan. Thank you, Your Honor. May it please the court, counsel. My name is Sharon Shanahan and I represent the people of the state of Illinois. With the court's permission, I'll focus on issue one, the Speedy Trial issue. Obviously, if there was no Speedy Trial violation, then there was no ineffective assistance of counsel as argued in issue two. And I think that it's very, very clear that there was no Speedy Trial violation. Time permitting, I will address the defendant concedes on page 12 of his opening brief. If one disregards the period from February 2016, when Mr. Peebles agreed to the first continuance until April 2016, when the trial court set the date within the statutory timeframe, then there was no Speedy Trial Act violation. As the United States Supreme Court has stated, defense counsel can waive his client's right to Speedy Trial because scheduling matters are plainly among those for which agreement by counsel generally controls. Furthermore, because the record does not contain any facts, and I'm insisting from the very first day he did his video arraignment back in December with another attorney, there are no facts that support that he insisted that there be no delays and that there be no delays in his case to be brought to trial without any continuances. A word that appears a lot in defendants' briefs and here at oral argument is the word lied, that defense counsel lied to defendant. The only support for that claim is in defendant's self-serving, pro se, rambling letters, which by the way, were filed. There is one letter that defendant says he filed in March of 2015, and the trial court did not refuse to file it. He just said he couldn't consider it, that it was an ex parte communication. And it is interesting to note that every other document that the defendant filed, be it a pleading or a letter or whatever, including one he filed just a couple of weeks later, they're all in the record, every single one of them, whether they're ex parte letters to the judge or not, they're still in the record. So defendant knew how to get things in the record. He even filed that letter several months later and said, I filed this back in March too, but there's no evidence to support that. If he had filed the March one, he filed the April one and it was there. So if he had filed the March one, it would have been there. But my point is, he knows how to get in touch with the court, I guess it would say. There is no facts that support the defendant's claim that he told all of his attorneys, all of his judges, that he absolutely positively had to be tried with no continuances. In fact, in his first appearance, he said he was going to get private counsel and he said nothing about a speedy trial. In his second appearance, he had a public defender. The transcript indicates nothing there, either to appointed counsel or to the trial court that he wanted a speedy trial. Of course, I'm not saying he's not entitled to a speedy trial, but his argument is that he said from day one, I don't want any continuances. Wanting a speedy trial and not wanting any continuances aren't the same thing. That's the part that there is no support for the record. The timeline here is 12-16, first appearance. As I said, the defendant said he intended to retain private counsel, nothing about speedy trial. Second appearance with public defender Gregory Nestor, nothing about speedy trial. Sometime in the next week or two, Mr. Peebles was appointed. At that time, the case had almost 1,000 pages of discovery and 54 DVDs. The defendant admits that Peebles met with him in January. The defendant admits that Peebles met with him several times. Peebles says he met with him several times, called him several times, had three-way conversations with his girlfriend a couple of times, but there's nothing in anything that says that he insisted that there be no continuances. Now, just a month after Peebles got this 1,000 pages of discovery and 54 DVDs, he asked for a continuance. That was February 8th, March 1st, another status hearing, which he asked for a continuance, and March 30th, he asked for a continuance. At that point in time, the discovery was up to over 1,200 pages. I would note that this is the only, the continuance he asked for on March 30th is the only continuance that would have taken the defendant past even a straight counting of 120 days. As I said, the defendant claims he wrote a letter March 31st that says that at video arraignment, he asked for a speedy trial. On March, or excuse me, April 20th, there's this undated, uncaptioned letter that says he exercised his right to a speedy trial, and it's been over 120 days. Well, again, we're not saying he doesn't have a right to a speedy trial, but agreed continuances don't count there. As I have noted, the United States Supreme Court has said that an attorney acting without any indication of particular consent from his client can waive his client's statutory right to a speedy trial because scheduling matters are plainly among those to which agreement by counsel generally controls. That's Gonzalez versus United States. Requiring express assent from the defendant himself for such routine and often repetitive scheduling determinations would consume time to no apparent purpose. Again, United States Supreme Court, New York versus Hill. The defendant wrote a pro se memorandum in which he admits, and this is quoting him, the only delay attributable to the defendant is from February 8th, 2016 to March 30th, 2016. There is nothing in this case to indicate that the defense counsel lied and misled and had these meetings with the defendant and phone conversations with this, in which he did fall right within the Illinois Supreme Court cases cited in the defendant's in the state's case, Bowman and Woods in particular. The other thing I want to emphasize is that at the April hearing that was held after the defendant filed a letter saying he thought that his 120 days had already read or expired, the trial judge met with him, according to the trial judge, for quite a while and explained how speedy trial worked, explained how continuances worked, and the defendant agreed to them. By doing so, he authorized it. He authorized all of the other two. He was in the courtroom and authorized the other two brief extensions that were requested by defense counsel in June. There are no other questions. Justice Vaughn, Justice Welch, any questions? No questions. All right, Ms. Shanahan, thank you. Mr. Whitney, you have time in rebuttal. You're on mute. Sorry, thank you, Your Honor. I'd like to begin by first responding further to Justice Vaughn's earlier question about that Kaczmarek case, and I would commend the court to consider the discussion of that case in the Griffin case that was the additional authority that we cited at paragraphs 29 and 30 of the Griffin case, because there the court makes clear some of the key distinctions between Kaczmarek and that case, as well as the case at bar. In the Kaczmarek case, there was not a sufficient showing that the defendant had actually been objecting to these continuances, and the defendant in Kaczmarek never made an unequivocal demand that his case immediately proceed to trial. In that case, it was a retrial, but the point being the same. So I think there are some very key factual differences here between the case at bar, and for that reason, Kaczmarek is not really controlling here. Mr. Whitney, maybe I'm misreading the cases, but it seems to me as I read some of the appellate court cases that the appellate courts are granting a fair amount of deference to the trial court to determine whether to let the assert his right to a speedy trial or to allow the defense counsel to say, I need more time to prepare. In the Griffin case, they point out it was a bench trial and the trial transcript only took something like 43 pages. In this case, in Mr. Tien's case, the trial transcript took up 914 pages and there were some 60 DVDs and 1,200 pages of discovery. So you're talking about voluminous discovery and trial materials that presumably a trial attorney would need more time to prepare and maybe under those circumstances, wouldn't the court defer to the trial court saying, this is a complicated case with lots of discovery, it's reasonable for the trial counsel to ask for more time as opposed to protecting Mr. Tien's right to a speedy trial or his insistence on not waiving the speedy trial. Is that fair or am I misreading those? I don't think that you're misreading the cases, but I would point and I must acknowledge that in Griffin, in its very thorough discussion, it does cite to some other appellate opinions that suggest that it is within the trial court's discretion. And yet at the same time, the Griffin case cites the Lewis case by our Supreme Court. If you look at paragraph 21 of Griffin case where it discusses the Lewis case where our Supreme Court said, point blank, the election was defendants to determine on the basis of what would better ensure him a fair trial. So Lewis, which preceded the same principle being adopted by the Bowman court some years later, basically is saying, the overall message is that it is defendant's choice. He can't come crying back to the court later and say, well, now I had an ineffective assistance of counsel, but it is his to be able to make that choice at his peril. And I think that's the overall message here. And I think the mandatory precedent of the Illinois Supreme Court outweighs some of the appellate opinions where it suggested, well, the court can exercise its discretion in these cases. There are a number of appellate court cases, people versus keys, people versus car, people versus Ford, people versus web that talk about, there are times when the court defers to the trial counsel's strategy that I need more time. So there are a lot of trial court has some discretion as to whether or not to rely on the trial counsel's representation. I didn't need more time versus defendant's assertion. I want my speedy trial. It seems like that's something that we would defer to the trial court and the trial court made a decision here. Well, that's true. But again, my argument is that I think looking more closely at the Bowman and the Lewis cases and the other cases cited, that it's still very clear. It's clear enough that it's defendant's election. And you can't have an election if defendant's not allowed to make that choice in the first instance. And Mr. Thiem was denied that. I would like to just briefly respond to a couple of points opposing counsel made. I'll try to be real quick with it. The claims about when he began asking for a speedy trial, his unrefuted claim was that he did it at his first appearance, not at his arraignment. So there was no record of that, but it was unrefuted. It was also unrefuted that Peoples lied to him. There was a crankle hearing. Peoples never, never contested any of that at the crankle hearing. So that went unrefuted. And if I realize I'm over time, if I may make one- Go ahead and finish your thought, sure. Yes, thank you. As far as the letter to the court on March 31st, it was not filed at that time. It was filed later with one of Mr. Thiem's post trial pleadings. And the court acknowledged that during that hearing and the record at pages 939 and then 948 and 949, the court acknowledged that it didn't file it because it considered it an ex parte communication. So the court is our proof here that Mr. Thiem tried to submit, he did submit it to the court, but there's a difference between submitting something and filing something. Court was not consistent in allowing this pleading, you know, the nature of a pleading to be filed. I'll leave it there. And again, I thank the court  any questions, Justice Welch, Justice Vaughn? Questions? I hate to prolong this, but just one other. By my calculation, the eight days between April 20th and April 28th are key. If they're attributable to the defendant, he was tried in 113 days. If they're attributable to the state, he was tried on the 121st day. And so it's a pro se pleading when he filed it on April 20th. I mean, you could make two arguments. One is an ex parte communication, or he was represented by counsel and a pro se pleading is of no import. Or you can say he was exercising his right to speedy trial and the April 20th day controls. The court made the finding that the April 28th was the day he asserts a speedy trial. And that's where the discrepancy in the eight days comes in as I see it. Is there anything you would say about that? Two things, Your Honor. One, although yes, these things are ex parte, I think the case law is very clear that they still have to be filed because this is the only way a defendant can make the court aware that he's got a problem with appointed counsel. And that's what he tried to do on March 31st. And then the court said that was ex parte, but then inconsistently did file the one on April 20th. But really, he was raising the same concerns in both of those letters. The other point I would make in response to that is again, go back to the later time that was attributed to the defense on, you know, after that April 28th hearing and the court changed its mind on May 2nd, which added more time. And I think that also brings us past the speedy trial deadline based on that. Thank you. Thank you, Your Honor. Counselors, thank you for your arguments today. We will take the matter under consideration and issue our ruling in due course.